Curia, per Evans, J.
The plaintiffs, Hugh Blair & Co. were the attaching creditors of Jno. Aitkin, an absent debtor. The defendant was a judgment creditor of Aitkin, and her execution was lodged in the sheriff’s office, before the plaintiffs’ attachment. The goods were sold by the sheriff on the fi. fa. which issued on a judgment by confession. After the sale certain creditors of Aitken filed a bill, in the Court of Equity, against the defendant and others, the object of which was to vacate the defendant’s judgment, on the ground that it was a fraud and without consideration. In this bill the plaintiffs are named as creditors, and the pleadings admit they are complainants. At the subsequent May Term of the Court of Common Pleas, an order was made, granting leave to the plaintiffs to file a suggestion, to set aside the defendant’s judgment, on the same allegation, that it was fraudulent and without consideration. The suggestion was filed. The defendant pleaded the pendency of the bill in equity, and the plaintiff demurred to the plea. The case came on to be heard at the late January Term of the Court of Common Pleas, when the plea was held sufficient, the demurrer overruled, and the suggestion ordered to be quashed. The plaintiffs appealed; and the first question to be decided is, whether the fact stated in the plea was a sufficient cause for quashing the suggestion. It must be remembered that the bill in equity was pending at the time the leave was granted to file the suggestion, and if it be now a reason for quashing the suggestion, it was then a good cause why the motion should have been refused. By the rules of pleading, which in this as in most cases is according to good sense, every defence must be set up at the proper time and at the the proper stage of the case. If the objection be to the writ, it cannot be pleaded to the declaration. If it is to the declaration, it must be- pleaded before verdict, unless it appear on the face of it. Also it seems to me, the objection in this case should have been made when the application for leave to file the suggestion was before the Court; otherwise *291 there would be no end of litigation, and every order made by one judge would be liable to perpetual renewal and reversal by another, upon matter which existed at the time, but which the party did not choose to present to the consideration of the judge who made the order. The rules of practice in relation to these suggestions, is to give notice to the adverse party, so as to afford him an oppurtunity of showing cause to the contrary. I presume this was done in this case, and if the defendant neglected to avail himself of this defence at the proper time, it is her own fault. The decision of the judge in granting or refusing the motion, is a judgment which can only be reversed by the Appeal Court, and until reversal you cannot look behind it. If the defendant was not notified of the application, the order might be rescinded; and even solemn judgments are set aside on this ground, because unless notified so as to enable the party to make his defence, the proceeding is ex parte, and he is not bound. Or if any subsequent matter has occurred which is a legal impediment to the execution of the order, such matter may be pleaded. But I am not aware of any case where an order made by a judge has been rescinded by the same or any other judge, directly or indirectly, upon a fact which existed and was within the knowledge of the party when the order was made. I am therefore of opinion the plea is insufficient, and the demurrer should have been sustained.
The questions, presented, render it necessary to consider the nature of the plea, whether it be in bar or in abatement, in order to ascertain the consequences of sustaining the demurrer.
In this mode of proceeding, I am disposed to consider that the strict rules of pleading do not apply. The plaintiff; in his suggestion, is required to set out, in a plain and intelligible manner, the grounds of his complaint, and it will be sufficient that the defendant’s defence be set out in the same intelligible manner. Testing this plea in this manner, I am of opinion every thing necessary to constitute it a good plea in abatement is set out with sufficient certainty. The usual conclusion of a plea in abatement is, “that the writ or declaration be quashedbut precedents are not wanting (2 Chitty, 418,) where such pleas conclude that "the defendant is not bound to answer,” which is the conclusion in this case. I *292 am, therefore, of opinion tbe plea in form is in abatement, and tbe judgment should be that the defendant answer over. It is therefore ordered, that the judgment of the Circuit Court be reversed, that the demurrer be sustained, and the defendant answer over to the suggestion.